**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride (SBN 297557)
ryan@kazlg.com
Jonathan Gil (SBN 347431)
jonathan@kazlg.com
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Zinnia Sayegh

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Zinnia Sayegh, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AmTrust Financial Services, Inc.,**<br><br>**Defendant.** | **Case No.:**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S INVASION OF PRIVACY ACT, CAL. PENAL CODE § 630 *ET SEQ*.**<br><br>**Jury Trial Demanded** |

KAZEROUNI LAW GROUP, APC

## INTRODUCTION

1. Plaintiff Zinnia Sayegh ("Plaintiff") brings this class action for damages and any other available legal and equitable remedies, resulting from the illegal actions of Defendant AmTrust Financial Services, Inc. ("Defendant"), and its related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq*., thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION

3. Jurisdiction is proper under 28 U.S.C. § 1332(d) (the Class Action Fairness Act, "CAFA") which provides federal courts original jurisdiction of any class action in which any member of the Class is a citizen of a state different from the Defendant, and in which the matter in controversy exceeds, in the aggregate, the sum of $5,000,000, exclusive of interest and costs.

4. The total claims of Class members in this action exceed $5,000,000, as each illegally recorded telephone call would provide $5,000 in statutory damages.

5. Furthermore, on information and belief, Defendants have made and/or received at least thousands of telephone calls, illegally recording Plaintiff and members of the putative class, without consent or knowledge, thereby satisfying the requirements under 28 U.S.C. § 1332(d)(2), (5).

6. Plaintiff and members of the putative class are citizens of California while Defendant is a citizen of New York. Therefore, diversity of citizenship exists under CAFA.

## VENUE

7. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. 1391(b)(2) because Plaintiff resides in this judicial district, a substantial part of the events giving rise to Plaintiff's cause of action against Defendant occurred within this district, and Defendant conducts business in the County of Los Angeles.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the County of Los Angeles, State of California.

9. Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in New York, New York.

10. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by Cal. Pen. Code § 632(b).

11. Defendant has a policy and practice of recording telephone conversations.

12. Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including California residents.



KAZEROUNI LAW GROUP, APC

13. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant placed and received calls to and from residents of the State of California, for the furtherance of its sales business and therefore conducted business in the State of California.

**FACTUAL ALLEGATIONS**

14. On October 15, 2026, at approximately 2:19 p.m. PT, Plaintiff, a legal assistant at Aydin Law Firm, APC ("Aydin"), called Defendant to initiate a new auto claim.

15. Plaintiff placed the call on her personal cell phone.

16. Plaintiff spoke to one of Defendant's representatives, Alexis during this call.

17. Plaintiff provided Alexis with the information needed to process the new auto claim.

18. At some point, Elias Aydin, an attorney at Plaintiff's law firm, joined Plaintiff, listening to the call with Plaintiff, through Plaintiff's personal cell phone. Mr. Aydin asked if the call was being recorded and Alexis stated that it was.

19. Plaintiff told Alexis that she was never informed of the recording, and Mr. Aydin asked Alexis to turn off the device which was recording the conversation.

20. Alexis placed Plaintiff and Mr. Aydin on hold, and when she came back on the line, she stated that she could not turn off the recording device.

21. Alexis further inaccurately stated that she did inform Plaintiff that the call was being recorded.

22. Plaintiff maintains that no call recording disclosure was provided at any time during the call.

23. Plaintiff subsequently ended the call.



KAZEROUNI LAW GROUP, APC

24. Also on October 15, 2026, at approximately 2:21 p.m. PT, Plaintiff called Defendant again using her personal cell phone, with Mr. Aydin present.

25. Plaintiff and Mr. Aydin spoke to Ken, a different representative with Defendant.

26. Ken asked Plaintiff and Mr. Aydin several questions.

27. Approximately one minute into the call, Mr. Aydin asked if the call was being recorded.

28. Ken responded that it was.

29. Mr. Aydin advised Ken that they did not consent to the recording of their communications and terminated the call.

30. Plaintiff felt shocked to discover that her communications with Defendant had been recorded by Defendant without her knowledge or consent.

31. Plaintiff found Defendant's secretive recording to be highly offensive.

32. The conversation with Plaintiff on Plaintiff's cellular telephone were recorded by Defendant without Plaintiff's knowledge or consent, causing harm and damage to Plaintiff.

33. Defendant never informed Plaintiff that Defendant recorded their telephone calls until after Mr. Aydin asked.

34. At no time during these calls did Plaintiff give consent for the telephone calls to be recorded.

35. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had a policy and practice of recording telephone conversations with consumers.

36. Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other

California residents. Additionally, Defendant does not disclose to consumers that the calls are being recorded.

37. Plaintiff is informed and believes, and thereon alleges that Defendant records all inbound and outbound telephone conversations with consumers.

38. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant had all its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

39. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class").

41. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons in California, whose inbound and outbound telephone conversations involving their cellular telephones were recorded without their consent by Defendant or its agents within one year prior to the filing of this action.

42. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

43. This suit seeks only statutory damages and injunctive relief on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definitions



KAZEROUNI LAW GROUP, APC

to seek recovery on behalf of additional persons as facts are learned in further investigation and discovery.

44. Plaintiff does not know the number of members in the Class but believes the Class members number in the thousands, if not more. This matter should therefore be certified as a class action to assist in the expeditious litigation of this matter.

45. The joinder of the Class members is impractical, and the disposition of their claims and the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agent's records.

46. There are common questions of law and fact involving the parties to be represented. These common questions of law and fact predominate over questions which may affect individual Class members. These questions include:

a. Whether Defendant has a policy of recording incoming and/or outgoing calls;

b. Whether Defendant has a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;

c. Whether Defendant has a policy of recording incoming and/or outgoing calls initiated to a landline telephone;

d. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded;

e. Whether Defendant's policy of recording incoming and/or outgoing calls to cellular telephones constituted a violation of California Penal Code § 632.7;

f. Whether Plaintiff, and the Class were damaged thereby, and the extent of damages for such violations;

47. Plaintiff asserts claims that are typical of the Class because every member of the Class, like Plaintiff, was exposed to virtually identical conduct in violation of California Penal Code § 632.7.

48. Moreover, Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages of $5,000 per violation pursuant to California Penal Code § 637.2(a).

49. Plaintiff will fairly and adequately represent and protect the interests of The Classes in that Plaintiff has no interest antagonistic to any member of the Class.

50. Plaintiff and the members of the Class have all suffered harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for harm. In addition, these violations would go unanswered. Class action would allow members to be compensated for Defendant's illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

51. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

52. Class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.



KAZEROUNI LAW GROUP, APC

53. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## First Cause of Action

## Invasion of Privacy: Violation of Penal Code § 632.7

54. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

55. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent, and specific protections of the Privacy Act, including Penal Code § 632. In addition, California's explicit constitutional privacy provision (Cal. Const., Art. I § 1) was enacted in part to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632, prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

56. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone, a landline telephone, or both.



KAZEROUNI LAW GROUP, APC

57. California Penal Code § 632.7 grants a wide range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

58. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

59. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every cellular telephone and landline telephone conversation.

60. Said recording equipment was used to record the telephone conversations of Plaintiff and the members the Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

61. Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth pursuant to California Penal Code § 632.7; and California Penal Code § 637.2.

62. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**Prayer For Relief**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

- That this action be certified as a class action on behalf of the Class;
- Plaintiff be appointed as the representative of the Class;
- That Plaintiff's counsel be appointed as class counsel for the Class;



KAZEROUNI LAW GROUP, APC

- For statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class;
- For costs of suit and reasonable attorney's fees; and
- For such further relief as this Court deems necessary, just, and proper.

**Trial By Jury**

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 25, 2026

Respectfully submitted,

**Kazerouni Law Group, APC**

By: /s/ Ryan L. McBride

Ryan L. McBride (297557)
ryan@kazlg.com
2221 Camino del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800)400-6808
Facsimile: (800)520-5523

Attorneys for Plaintiff
*Zinnia Sayegh*

KAZEROUNI LAW GROUP, APC